UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| KATHERYN GIOVANNI, | No. C 12-02530 LB |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| BANK OF AMERICA, NATIONAL ASSOCIATION, an FDIC insured corporation and DOES 1 through 100, inclusive, | [ECF No. 24] |
| Defendants. | |

**INTRODUCTION**

Plaintiff Katheryn Giovanni alleges that Bank of America, N.A. ("BOA") inaccurately informed credit reporting agencies that she had overdue payments on her credit account after those debts had been discharged through bankruptcy and refused to correct its inaccurate reports. Giovanni alleges four claims against BOA for violations of (1) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b)), (2) California's Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.25(a)), and (3) California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*  For the reasons stated below, the court **GRANTS** BOA's motion to dismiss.[1]

**STATEMENT**

Plaintiff, Katheryn Giovanni currently resides in Chatham County, Georgia, but lived in

---

[1] Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and **VACATES** the December 20, 2012 hearing.

1  California during the relevant times in the complaint. First Amended Complaint ("FAC"), ECF No.
2  18, ¶¶ 3, 6.[2] Defendant, Bank of America, N.A. is a national bank based in Charlotte, North
3  Carolina. *Id.* ¶ 7.
4     On September 30, 2010, Giovanni filed a voluntary Chapter 7 bankruptcy petition (the
5  "Petition") in the United States Bankruptcy Court for the District of Oregon. *Id.* ¶ 12. Schedule F
6  of the Petition listed an unsecured debt of $5,500.00 in BOA's favor. *Id.* ¶ 13.
7     On January 5, 2011, Giovanni's dischargeable debts were discharged pursuant to 11 U.S.C.
8  § 727. *Id.* ¶ 14. BOA was notified of the discharge the next day. *Id.* Plaintiff alleges that she never
9  re-affirmed BOA's debt during bankruptcy so that her debts to BOA were also discharged. *Id.*
10    On or about August 24, 2011, Plaintiff received a "Service 1st Credit Report," which she
11 explains is a compilation of reporting information from Experian, Transunion, and Equifax, the three
12 credit reporting agencies ("CRAs"). *Id.* ¶ 15. The report indicated that BOA reported overdue
13 payments on Giovanni's credit account to the credit reporting agencies each month from the time
14 she filed for bankruptcy until the January 2011 discharge date. *Id.* ¶ 15.
15    Giovanni claims that BOA furnished the CRAs with inaccurate information. *Id.* ¶ 18. She
16 explains that the overdue payment information suggested that her account was still collectable when
17 it was really closed and the bankruptcy discharge had retroactively removed her legal obligation to
18 pay BOA from the date she filed for bankruptcy. *Id.* ¶ 18.
19    On or about September 24, 2011, Giovanni sent written notices to the CRAs disputing BOA's
20 reports and requesting "a formal, full, and complete" investigation of her account. *Id.* ¶¶ 10, 16.
21 Giovanni claimed that BOA had inaccurately reported delinquent payments on her inactive credit
22 account "throughout the pendency of [her] bankruptcy petition." *Id.* All three CRAs notified BOA
23 of Giovanni's dispute, as required by the section 1681i(a)(2) of the FCRA. *Id. ¶ 24.*
24    On or about October 7, 2011, Giovanni received and apparently examined her Experian and
25 Transunion credit reports. *Id.* ¶ 17. She alleges that BOA had ceased reporting negative information
26 about her to Transunion but continued to tell Experian that her account was "open and delinquent

---

[2] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

from the time [she] filed for bankruptcy until entry of the discharge order." *Id.* BOA also failed to report to Experian that she disputed the account information. *Id.* At the time the FAC was filed, BOA still refused to correct Giovanni's Experian credit report.

Giovanni originally sued BOA "on or about April 16, 2012" in Alameda County Superior Court, asserting nine federal and state claims.[3] *See* Notice of Removal, ECF No. 1, ¶ 1. On May 15, BOA answered the state court complaint. *Id.* Ex. A. The next day BOA removed the case to this court based on the court's federal question and supplemental jurisdiction. *Id. passim.* On October 4, 2012, Giovanni filed the FAC pursuant to stipulation. *See* FAC, ECF No. 18; Stipulation to Amend Plaintiff's Complaint, ECF No. 17.

The FAC asserts claims based on the Fair Credit Reporting Act, California's Consumer Credit Reporting agencies Act, and California's Unfair Competition Law. FAC ¶¶ 22-49.

Giovanni claims that BOA violated the FCRA and its California analogue, the CCRAA, because it inaccurately reported information about her to the CRAs, and when notified that Giovanni disputed that information, BOA failed to reasonably investigate her claims, failed to correct the inaccurate information on her Experian report and failed to inform Experian that the account information was in dispute. *Id.* ¶¶ 23-27, 33-37. Giovanni claims that she was damaged in that she had to review her credit reports, pay litigation costs, was "impeded in seeking necessary products and services from vendors" and "additional credit from other credit agencies," and suffered emotional harms. FAC ¶¶ 29-30, 39-40.

Finally, Giovanni alleges that BOA is liable under the "unfair" and "unlawful" prongs of California's Unfair Competition Law based on the conduct described in the complaint. *Id.* ¶¶ 42-49.

---

[3] The court cannot verify the date of filing because BOA failed to attach the state court complaint to its notice of removal, as required by 28 U.S.C. § 1446(a) (removing defendant must file copies of all pleadings served upon it in the state court action). This procedural defect, however, does not affect the court's jurisdiction. *See Cook v. Randolph County, Ga.*, 573 F.3d 1143, 1150 (11th Cir. 2009) (allowing removing defendant to cure failure to file state court complaint in response to motion to remand and collecting authorities). Giovanni did not move to remand and has since filed an amended complaint, which effectively cured BOA's oversight. To ensure that the court record is complete, however, BOA is ORDERED to file a copy of Giovanni's state court complaint within seven days of this order.

1  The FAC pleads the elements of a UCL claim without specifically identifying the unfair and
2  unlawful practices.
3      Giovanni seeks: (1) preliminary and permanent injunctive relief; (2) $10,000 in statutory and
4  actual damages under 15 U.S.C. § 1681n and Cal. Bus. & Prof. Code § 17206; (3) a $2,500 civil
5  penalty under Cal. Bus. & Prof. Code § 17206; (4) determinations by the court that BOA's "policies
6  and practices" are unlawful, willful, and negligent under 15 U.S.C. §§ 1681n, 1681o, and the UCL;
7  (5) punitive damages; and (6) attorney's fees and costs.
8      On November 6, 2012, BOA filed a motion to dismiss the complaint. Mot., ECF No. 24.

## ANALYSIS

### I. EVIDENTIARY ISSUES

The parties have separately attached documentary evidence to their motion papers. The court will not consider either submission. On a Rule 12(b)(6) motion to dismiss, the court generally may not consider materials beyond the pleadings without converting the motion into a motion for summary judgment. Fed. R. Civ. P. 12(d). Still, the court may also "consider unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document. *U.S. v. Corinthian Colleges*, 655 F.3d 984, 998-99 (9th Cir. 2011) (citing *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) and *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir.2001)); s*ee also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

BOA's motion is partially based on a document it contends is a copy of Giovanni's Experian credit report, dated October 7, 2011. *See* Mot. Ex. 1, ECF No. 24-1. BOA states that the credit report was attached as an exhibit to Giovanni's state court complaint. *Id.*, ECF No. 24 at 7. Giovanni objects to BOA's submission as hearsay. Opp'n, ECF No. 25 at 12.

The court does not consider the credit report in deciding the motion to dismiss for several reasons. First, BOA does not ask the court to take judicial notice of the credit report and has not

1  provided a declaration attesting to its authenticity. Second, the court cannot independently verify
2  that the credit report was actually attached to the original complaint because BOA failed to file all
3  pleadings in the state court action, as required by 28 U.S.C. § 1446(a). Finally, the court cannot read
4  the "payment history" information on the poor-quality photocopy that BOA filed.

5  Giovanni also asks the court to consider a report by the "Consumer Data Industry Association"
6  titled "Credit Reporting Resource Guide." *See* Authorities Supp. Opp'n to Mot. to Dismiss, ECF
7  No. 26. Giovanni's counsel filed a signed document (but not a declaration under penalty of perjury)
8  stating that the attached document is a true and correct copy of that report. Giovanni does not ask
9  the court to take judicial notice of the document or set forth any grounds upon which the court could
10 consider it. BOA has not objected to Giovanni's submission. Still, the court can discern no basis for
11 taking judicial notice of the report. Accordingly, the court does not consider this report in deciding
12 the motion to dismiss.

### II. MOTION TO DISMISS

14 BOA moves to dismiss each of Giovanni's claims. BOA argues that the claims all fail because
15 the information it reported to Experian cannot support an FCRA claim because it was accurate and
16 that all of Giovanni's claims are predicated on the inaccuracy. In addition, BOA argues that
17 Giovanni lacks standing to bring a UCL claim. Giovanni argues that her allegations about BOA's
18 inaccurate reporting are sufficient to support all of her claims and argues that she has alleged
19 sufficient facts to establish standing under the UCL.

#### A. Rule 12(b)(6) Motions

21 To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as
22 true, to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544
23 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the
24 court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
25 *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a
26 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted
27 unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule
28 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id.* at 550; *Erickson v. Pardus,* 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). In addition, courts may consider documents attached to the complaint. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)). But when a party repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

### B. The Fair Credit Reporting Act Claim

The main issue before the court is whether the information BOA reported to Experian is accurate or inaccurate within the meaning of the FCRA. If BOA reported accurate information, then it did not violate the FCRA by refusing to change that information or report that Giovanni disputed it. Giovanni accuses BOA of violating section 1682s-2(b) of the FCRA.

The FCRA was enacted to ensure that CRAs adopt reasonable procedures so that consumers are treated fairly and equitably. 15 U.S.C. § 1681. FCRA Section 1681s–2 imposes duties on those who furnish information to CRAs to help achieve the FCRA's purpose. 15 U.S.C. 1681s–2. FCRA Section 1681s-2(a) bars such furnishers from reporting information they know or have reasonable cause to believe is inaccurate. 15 U.S.C. § 1681s-2(a)(1)(A). Section 1681s-2(a) is not privately enforceable. *Nelson v. Chase Manhattan Mortgage Corp*, 282 F.3d 1057, 1059-60 (9th Cir. 2002).

There is a private right of action to enforce section 1681s-2(b), however. *Id.*; *see* 15 U.S.C. §§ 1681n, 1681o. That provision requires furnishers who receive notice that a consumer disputes information on a credit report to conduct an investigation, report the results of the investigation to the CRA, and, if the information is found to be inaccurate or incomplete, to make appropriate corrections. 15 U.S.C. § 1681s-2(b). The reported information is "inaccurate or incomplete" within the meaning of the statute if it is "patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009).

In *Gorman*, the Ninth Circuit held that the reporting obligation under section 1681s-2(b) also includes an obligation to report to the CRAs the fact the consumer disputed particular information. *Id.* If the consumer's dispute is meritless, however, the furnisher will not be held liable for failing to report it "because reporting an actual debt without noting that it is disputed is unlikely to be materially misleading. It is the failure to report a bona fide dispute . . . that gives rise to a furnisher's liability under § 1681s-2(b). *Id.*

Giovanni alleges that BOA is liable under the FCRA for failing to correct information in her Experian credit report. BOA argues that her claims fail because the information it initially reported was correct, so it was not obligated to fix the report. Accordingly, the court first considers whether BOA reported inaccurate information and, if necessary, then considers whether it is liable for failing to correct that information or report Giovanni's dispute.

### *1. Whether Giovanni Alleges Bank of America Reported Inaccurate Information*

Giovanni alleges that BOA inaccurately reported that she failed to make payments on her credit account between September 30, 2010, the date she filed her bankruptcy petition, and January 5, 2011, the date that the bankruptcy court discharged her debt. FAC, ECF No. 18, ¶¶ 13-15. Giovanni does not claim that she made these payments. Instead, she makes several arguments that it was inaccurate or misleading for BOA to report her failure to pay and that BOA failed to correct the record. The court addresses each in turn.

Giovanni first argues that federal bankruptcy laws barred BOA from reporting negative credit information once she filed her bankruptcy petition, so BOA's report was inaccurate and misleading.

1 Opp'n, ECF No. 25 at 12. When a person files for bankruptcy, 11 U.S.C. § 362(a) imposes an
2 automatic stay on collection activities. Giovanni argues that BOA's reporting late payments on her
3 debts is a "prohibited creditor shenanigan." Opp'n, ECF No. 25 at 12 (quoting *In re Sommersdorf*,
4 139 B.R. 700, 702 (Bankr. S.D. Ohio 1992)). *In re Sommersdorf*, however, does not stand for the
5 proposition suggested. There, the co-signor of a car loan sued the bank for falsely reporting that it
6 had "charged off" the debt when the primary borrowers had filed for Chapter 13 bankruptcy and
7 worked out a plan to repay the loan in full. *Sommersdorf*, 138 B.R. at 700-02.

8 BOA persuasively counters that courts in this district have repeatedly rejected this proposition.
9 For example, in *Mortimer v. JP Morgan Chase Bank, National Association*, Judge Wilken
10 considered nearly identical allegations[4] and granted the bank's motion to dismiss. No. C 12-1936
11 CW, 2012 WL 3155563 (N.D. Cal. Aug. 2, 2012). There, Mortimer accused Chase of violating the
12 FCRA, CCRAA, and UCL "by reporting overdue payments for two months after he filed for
13 bankruptcy but before his debts had been discharged." *Id.* at *2. Mortimer did not dispute the fact
14 of the overdue payments but claimed that by reporting the information, Chase violated the automatic
15 stay imposed by 11 U.S.C. § 362. *Id.* at *2-3. The court rejected this argument, stating "Section 362
16 does not stand for the proposition that an individual is not obliged to make timely payments on his
17 accounts while his petition for bankruptcy is pending. Rather, § 362 limits collection activities in
18 pursuit of claims that arose before the bankruptcy petition." *Id.* at *3. Because Mortimer's
19 allegation did not claim that the report was inaccurate or misleading, the court dismissed his FCRA
20 claim. Other courts have reached the same holding. *See Harrold v. Experian Information Solutions,*
21 *Inc.*, No. C 12-02987 WHA, 2012 WL 4097708, at *4 ("reports of delinquencies in payment while
22 bankruptcy proceedings are still ongoing is not 'incomplete or inaccurate' information") (quoting
23 *Mortimer*, 2012 WL 3155563, at *3-4).

24 Giovanni does not substantively distinguish the reasoning in *Mortimer* or *Harrold*, *see* Opp'n,
25 ECF No. 25 at 11 n.16, and cites no cases in which a court found the conduct at issue to violate the
26 automatic bankruptcy stay. Regardless, the court finds *Mortimer* persuasive on this issue and

27

28     [4] Mortimer was represented by the same counsel as Giovanni and the complaint seems to have been substantially similar to Giovanni's.

C 12-02530 LB (ORDER)
8

factually indistinguishable. Based on the facts alleged, the court finds that BOA reported accurate information.

Next, Giovanni argues that reporting derogatory credit information during a bankruptcy stay inaccurately "indicates that the account is in active status and subject to collection." Opp'n, ECF No. 25 at 13. Giovanni claims that this is inaccurate because it "suggests that Defendant could collect on the prepetition debt at a time when Defendant was prohibited from doing so." *Id.* at 13. Assuming that this were true, Giovanni does not allege that this particular inaccuracy is "can be expected to have an adverse effect," which is necessary to state an FCRA claim. *Gorman*, 584 F.3d at 1163. Accordingly, the court also rejects this alternate theory of liability.

Giovanni's final argument that BOA reported inaccurate information is that the overdue payment report suggests BOA "still has the ability to enforce the debt personally against Plaintiff." Opp'n, ECF No. 25 at 14. Giovanni argues that because a discharge order relates back to the date that the bankruptcy petition was filed, post-petition overdue payments suggest that the debtor incurred new debt during bankruptcy. *Id.* That may be, but it does not on its face necessarily render BOA's report inaccurate. Because, Giovanni has not alleged an inaccuracy or misleading statement, the failure to report her dispute of that claim does not support FCRA liability.

### *2. Giovanni's Additional Theories of Liability*

Giovanni's main allegations were based on information BOA reported before the bankruptcy discharge. She also argues that BOA is liable for "re-reporting" the same information after discharge. *See, e.g.,* Opp'n, ECF No. 25 at 15-16. Giovanni cites several cases establishing liability where a creditor withdrew and then re-reported inaccurate information to a CRA. *See Hanks v. Talbots' Classics Nat'l Bank*, No. C 12-612 SI, 2012 WL 3236323 (N.D. Cal. Aug. 6, 2012); *Wang v. Asset Acceptance, LLC*, No. C09-04797 SI, 2010 WL 2985503 (N.D. Cal. July 27, 2010); *Miller v. Wells Fargo & Co.*, No. C 05-00042 CRS, 2008 WL 793676 (W.D. Ky. Mar. 24, 2008). Unlike these cases, Giovanni does not allege that BOA withdrew and reasserted that her payments were overdue. Thus, Giovanni's "re-reporting" allegation appears to be nothing more than another way of saying that BOA refused to alter the information it reported. As above, because BOA did not report inaccurate or misleading information, the court finds that Giovanni has not stated an actionable

claim.

Giovanni's final argument that BOA inaccurately reported information on her Experian credit report is based on her allegation that BOA withdrew the same information from her Transunion credit report. *See* FAC, ECF No. 18, ¶ 10. Giovanni argues that this "inconsistent credit reporting is still factually inaccurate because Plaintiff could not have been both current and late payments [sic] during the same month." Opp'n, ECF No. 25 at 11. The court agrees with this logic, though it does not change the outcome. Based on this record and resolving all reasonable inferences in Giovanni's favor, the court can conclude only that the Transunion, rather than the Experian, credit report is inaccurate. Accordingly, the court GRANTS BOA's motion to dismiss Giovanni's FCRA claim.

**C. The California Consumer Credit Reporting Act Claim**

Giovanni alleges a CCRAA claim under section 1785.25(a), which states, "A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Unlike the FCRA, the CCRAA includes a private right of action to directly enforce the prohibition against supplying incomplete or inaccurate consumer credit information. Cal. Civ. Code § 1785.25(g) ("A person who furnishes information to a consumer credit reporting agency is liable for failure to comply with this section, unless the furnisher establishes by a preponderance of the evidence that, at the time of the failure to comply with this section, the furnisher maintained reasonable procedures to comply with those provisions.").

Except for their standing provisions, the FCRA and CCRAA are substantially similar. The CCRAA's requirements of completeness and accuracy mirror those found in the FCRA. Thus cases decided under the FCRA are "persuasive authority and entitled to substantial weight when interpreting the California provisions." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir.2010) (internal quotation marks and citation omitted).

The parties CCRAA arguments mirror their FCRA positions. Neither party suggests the court should reach a different result than on the FCRA claim. Accordingly, the court applies the same reasoning and GRANTS the motion to dismiss Giovanni's CCRAA claim.

### D.  The Unfair Competition Law Claim

Giovanni's third claim is for violation of California's Unfair Competition Law.  The UCL prohibits any "unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  "Since section 17200 is [written] in the disjunctive, it establishes three separate types of unfair competition.  The statute prohibits practices that are either 'unfair' or 'unlawful,' or 'fraudulent.'"  *Pastoria v. Nationwide Ins.*, 112 Cal. App. 4th 1490, 1496 (2003); *see also Cel–Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999).  To support a claim for a violation of the UCL, a plaintiff cannot simply rely on general common law principles.  *Textron Fin. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 118 Cal. App. 4th 1061, 1072 (2004).

The UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law.  *Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000).  Violation of almost any federal, state, or local law may serve as the basis for a UCL claim.  *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 838-39 (1994).  In addition, a business practice may be "unfair or fraudulent in violation of the UCL even if the practice does not violate any law."  *Olszewski v. Scripps Health*, 30 Cal. 4th 798, 827 (2003).

Any individual who has "has suffered injury in fact and has lost money or property as a result of the unfair competition" may initiate suit.  Cal. Bus. & Prof. Code § 17204.  To have standing, a plaintiff must sufficiently allege that (1) he has "lost 'money or property' sufficient to constitute an 'injury in fact' under Article III of the Constitution" and (2) there is a "causal connection" between the defendant's alleged UCL violation and the plaintiff's injury in fact.  *Rubio v. Capital One Bank,* 613 F.3d 1195, 1203-04 (9th Cir. 2010) (citations omitted)

As discussed, Giovanni alleges claims under the "unfair" and "unlawful" prongs of the UCL.  Because Giovanni has not pleaded a violation of any other laws, her "unlawful" prong claim fails.  The FAC does not challenge BOA's business practices except as previously described.  In opposition to BOA's motion, Giovanni does not indicate the existence of any independent allegedly unfair business practice.  *See* Opp'n, ECF No. 25 at 20.  Accordingly, the court DISMISSES Giovanni's UCL claim.  The court need not reach the question of whether Giovanni has sufficiently alleged standing under the UCL.

**CONCLUSION**

For the reasons stated above, the court **GRANTS** BOA's motion to dismiss Giovanni's FCRA, CCRAA, and UCL claims. The court grants Giovanni leave to file an amended complaint alleging a factual inaccuracy. The amended complaint shall be filed within 21 days.

This disposes of ECF No. 24.

**IT IS SO ORDERED.**

Dated: December 17, 2012

_____
LAUREL BEELER
United States Magistrate Judge

C 12-02530 LB (ORDER)

12