UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| KATHERYN GIOVANNI,<br><br>  Plaintiff,<br>  v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION, an FDIC insured corporation and DOES 1 through 100, inclusive,<br><br>  Defendants.<br>_____/ | No. C 12-2530 LB<br><br>**ORDER DISMISSING WITHOUT PREJUDICE PLAINTIFF'S ACTION** |

Plaintiff brought this lawsuit against Bank of America, N.A. ("BOA") for claims arising out of Bank of America's informing credit reporting agencies that she had overdue payments on her credit account. *See generally* Complaint, ECF No. 1.[1] On April 17, 2013, the court granted BOA's motion and dismissed some claims in Plaintiff's second amended complaint with prejudice and some without prejudice and with leave to amend within 21 days, or by May 8, 2013. 4/17/2013 Order, ECF No. 45 at 4.

To date, Plaintiff has not filed an amended complaint, and the court has received no further indication that she intends to prosecute this action. *See generally* Docket.

A court may dismiss an action based on a party's failure to prosecute an action. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to dismiss a claim for

---

[1] Citations are to the Electronic Case File ("ECF"), with pin cites to the electronically-generated page numbers at the top of the document.

C 12-02530 LB
ORDER

failure to prosecute or failure to comply with a court order, the court weighs the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260-61); *Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir. 1995). These factors are a guide and "are 'not a series of conditions precedent before the judge can do anything.'" *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.,* 158 F.3d 1051, 1057 (9th Cir. 1998)). Dismissal is appropriate "where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte,* 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Ferdik*, 963 F.2d at 1263).

Here, four factors support dismissal. Plaintiff has not filed an amended complaint, even though it is past the court's deadline for doing so. This certainly is not "expeditious litigation," and the court must keep the cases on its docket moving. There also is no risk of prejudice to the Defendant. Finally, the court already tried to move this case along by issuing an order that clearly explained to Plaintiff the deficiencies in her complaint, and gave her leave to file an amended complaint that corrects those deficiencies.

In sum, the court concludes that at least four of the five relevant factors weigh in favor of dismissal. Accordingly, the court **DISMISSES WITHOUT PREJUDICE** Plaintiff's action for failure to prosecute. The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: May 22, 2013

_____
LAUREL BEELER
United States Magistrate Judge